IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RODNEY LEE JOHNSON, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00323 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DR. WANG, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Rodney Lee Johnson, Jr., Pro Se Plaintiff.*

Rodney Lee Johnson, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical care after a fall. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

I.

On March 30, 2016, Johnson was incarcerated at the Rustburg Correctional Unit ("the facility"). While walking down some basement steps, Johnson slipped and fell. He alleges that the steps were wet, and the facility staff had not posted a "wet floor" sign. Johnson was transported to a local emergency room for evaluation. Back at the facility the next day, he wrote an informal complaint stating that he was experiencing "excrutiating lower back pains." (Grievances 7, ECF No. 2.) His counselor responded on April 22: "Per Nurse Booth: You were

seen by the doctor on 4-13-16. Dr. Wang released you to go back to work on 4-21-16. Dr. Wang is the medical authority and all final clinical judg[ments] rest with the physician." (*Id.*)

Johnson alleges that he "informed Dr. Wang and his nursing staff of his pain on several occasions, but they did nothing." (Compl. 2, ECF No. 1.) His submissions indicate that Dr. Wang examined Johnson a second time on April 25, 2016. The doctor reported that the results of this exam were "normal" and released Johnson "for full duty work [with] no follow-up required." (Grievances 3-4, ECF No. 2.)

Johnson filed this § 1983 lawsuit on July 7, 2016, against Dr. Wang and the facility superintendant. Johnson alleges that at both evaluations, Dr. Wang did not examine him properly — merely checked his reflexes and blood pressure. As relief in this lawsuit, Johnson "seek[s] to receive an examination of [his] back from a specialist, and monetary compensation for the neglect of the facility and malpractice of Dr. Wang." (Compl. 2, ECF No. 1.)

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental

-2-

Case 7:16-cv-00323-JPJ-RSB    Document 7    Filed 10/18/16    Page 2 of 6    Pageid#: 26

entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To prove a constitutional claim related to an unsafe jail condition, Johnson must show that one or more prison officials acted with deliberate indifference – that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . [cannot] be condemned as the infliction of punishment." *Id.* at 838. In other words, an official's merely negligent action is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

-3-

Case 7:16-cv-00323-JPJ-RSB   Document 7   Filed 10/18/16   Page 3 of 6   Pageid#: 27

Johnson's allegations do not support a claim that any one at the facility acted with deliberate indifference to the hazards presented by the wet stairs. At the most, he alleges facts suggesting that the facility staff were negligent in failing to post warning signs about this condition. Such mere negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983.[1]

Johnson must also allege more than negligence to go forward with any claim against Dr. Wang under § 1983. Only deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The deliberate indifference component of this standard requires proof of intent beyond mere negligence, errors in medical judgment, inadvertent oversights, or disagreements the prisoner may have with the doctor about the appropriate treatment plan. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (finding that deliberate indifference standard "is not satisfied by . . .

---

[1] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983, since they implicate, at most, official negligence. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in prison shower did not pose substantial risk of serious harm); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (finding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (finding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); and *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

mere disagreement concerning '[q]uestions of medical judgment,'") (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975)); *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference."). Specifically, Johnson must state facts showing that the doctor knew of and disregarded, or responded unreasonably to, an excessive risk to Johnson's health or safety. *Farmer*, 511 U.S. at 837. Thus, to state a constitutional claim regarding a prisoner's medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

Johnson has not stated an Eighth Amendment claim against the defendants. Johnson states nothing more than his personal disagreement with Dr. Wang's medical judgments — about the elements of a proper examination for back pain or about whether Johnson's pain warranted referral to a specialist. Such disagreements between doctor and patient over the proper course of treatment do not satisfy the requirements of deliberate indifference. Moreover, the superintendant was entitled to rely on the doctor's medical judgment regarding the proper diagnosis and treatment for Johnson's back pain. *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) (citing *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990)).

III.

For the reasons stated, I will summarily dismiss this action without prejudice pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: October 18, 2016

/s/ James P. Jones
United States District Judge

-6-

Case 7:16-cv-00323-JPJ-RSB   Document 7   Filed 10/18/16   Page 6 of 6   Pageid#: 30